# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**     CASE NO: 8:25-cr-425-MSS-LSG

**v.**

**CRISTIAN DE JESUS RIVAS FERNANDEZ**
    **Defendant,**

## DEFENDANT'S SENTENCING MEMORANDUM

**COMES NOW**, Defendant, **CRISTIAN DE JESUS RIVAS FERNANDEZ**, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553, and makes this his Sentencing Memorandum, and respectfully says:

**A. <u>Mitigation and Downward Adjustment Bases</u>**

The defendant respectfully requests that this Honorable Court impose a sentence of 60 months. Courts ought to impose sentences that "are not greater than necessary" to comply with the need for the sentence imposed (18 USC § 3553(a) and (a)(2)). The Courts when determining the particular sentence to be impose ought to consider the 7 factors and/or policy statements outlined in 18 USC § 3553(a)(1)-(7):

> **(a) Factors To Be Considered in Imposing a Sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in

determining the particular sentence to be imposed, shall consider—
**(1)** The nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)** The need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** The kinds of sentences available;
**(4)** The kinds of sentence and the sentencing range established for—
> **(A)** The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> **(i)** issued by the Sentencing Commission pursuant to [section 994(a)(1) of title 28](#), United States Code, subject to any amendments made to such guidelines by act of Congress(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [section 994(p) of title 28](#)); and
>> **(ii)** That, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
> **(B)** In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to [section 994(a)(3) of title 28](#), United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [section 994(p) of title 28](#));

**(5)** Any pertinent policy statement—
> **(A)** Issued by the Sentencing Commission pursuant to [section 994(a)(2) of title 28](#), United States Code, subject to any amendments made to such policy statement by act of Congress(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under [section 994(p) of title 28](#)); and
> **(B)** That, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
**(7)** The need to provide restitution to any victims of the offense

B.  **Reasons to Vary Downward**

I. *Personal Mitigation Factors, 18 USC § 3553*

As outlined in the following paragraphs, the defendant has several personal mitigating factors that warrant a downward departure:

Cristian De Jesus Rivas Fernandez was born on May 7, 1999, in the Cacao Region of Colombia, and was raised in Acandí, a small and impoverished town located near the Panamanian border (Par. 38–39). He grew up in extreme poverty, residing in a wooden home with a tin roof, limited access to electricity, and water obtained from a nearby river (Par. 39). His childhood environment was marked by instability, violence, and fear, including routine exposure to armed paramilitary activity, bombings of police stations, and public acts of violence (Par. 40).

Mr. Fernandez was raised solely by his mother, who struggled to provide even basic necessities for her children (Pars. 38, 41). Food scarcity was common, clothing was obtained through hand-me-downs, and Mr. Fernandez endured both verbal and physical abuse within the home, leading him to seek refuge with his grandmother whenever possible (Par. 41). These circumstances profoundly shaped Mr. Fernandez's development and opportunities.

Despite these hardships, Mr. Fernandez has demonstrated responsibility and maturity beyond his years. He financially supported his mother by sending approximately $100 per month prior to his arrest (Par. 42) and also provided

3

financial support for his two minor children, who reside in Colombia with their mother (Par. 45). He maintains regular contact with his children and describes a strong, positive relationship with them (Par. 45).

Mr. Fernandez's upbringing, marked by poverty, violence, and instability, weighs heavily in mitigation and supports a sentence that reflects compassion, proportionality, and individualized consideration.

As a result of the above, Mr. Fernandez is asking that this Court impose a sentence of 60 months.

**II.** *Personal Cost to Defendant and his Family; Cost to Society of Lengthy Incarceration (Sufficient but not greater than necessary)*

Defendants ought to be sentenced to enough incarceration to satisfy "sufficient[ly]" the goals of punishment in sentencing factors and commission policy, while avoiding any "greater than necessary" expense and punishing sentence. A sentence which exceeds one that is sufficient, will be "unreasonable" and "unfair". *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) (According to the Federal Defender, infra, the Court in *U.S. v. Fernandez*, 436 F.Supp. 2d 983 (E.D. Wis. 2006) imposed a 126 months sentence because the career offender guideline range of 188 - 235 months, was greater than necessary to satisfy sentencing purposes, in part due to Sentencing Commission study on unfairness of career offender designation, Federal Defender, at p.17 – 847. Defending a Federal Criminal Case, 2010 Edition, Vol. II, Federal Defenders of San Diego, Inc.

("Federal Defender")).

Mr. Fernandez owns a modest home and land in Acandí, Colombia, valued at approximately $7,120 USD, and carries a small outstanding loan related to fishing equipment (Pars. 58–59). Given his limited assets, financial obligations to his family, and the likelihood of deportation following the completion of his sentence, Mr. Fernandez does not have the ability to pay a fine within the guideline range (Par. 60). Imposition of a fine would therefore be punitive beyond necessity and inconsistent with the goals of sentencing.

As a result of the above, Mr. Fernandez is asking that this Court impose a sentence of 60 months.

### III. *Additional Relevant Factors for Sentencing Considerations*

Mr. Fernandez is subject to removal from the United States upon completion of his sentence, and the Probation Office has identified a special condition prohibiting re-entry without permission (Par. 78). This collateral consequence constitutes a significant and automatic sanction that meaningfully advances the goals of deterrence and protection of the public without the need for an extended term of incarceration.

Because Mr. Fernandez will be removed from the United States following service of his sentence, prolonged incarceration would not meaningfully further rehabilitation or public safety objectives and would instead impose punishment

greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). The certainty of deportation substantially mitigates any risk of future criminal conduct within the United States and weighs in favor of a sentence at the low end of the advisory guideline range.

Although the Probation Office did not identify guideline-based grounds for a variance (Par. 77), this Court retains broad discretion to consider Mr. Fernandez's personal history, extreme childhood hardship, family responsibilities, and post-sentence immigration consequences when fashioning an individualized sentence. Taken together, these factors support a sentence that reflects the seriousness of the offense while avoiding unwarranted sentencing disparities and unnecessary incarceration.

A sentence at the low end of the guideline range, or a modest downward variance, would therefore be sufficient but not greater than necessary to achieve the objectives of sentencing.

As a result of the above, Mr. Fernandez is asking that this Court impose a sentence of 60 months.

**WHEREFORE**, Defendant **CRISTIAN DE JESUS RIVAS FERNANDEZ,** by and through his undersigned counsel, has made this sentencing memorandum.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by Electronic Delivery, on the above-named address this 2nd day of January 2026.

/s/**BRYANT R. CAMARENO**
**BRYANT R. CAMARENO, P.A.**
**Florida Bar No.: 048283**
**607 W. M.L.K. Boulevard**
**Tampa, Florida 33603**
**Tel: (813) 234-4759**
**Attorney for Defendant**
Bryant@camarenolaw.com